IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEANDRE JOHNSON,            )
                            )
    Plaintiff,              )
                            )
v.                          )         Civil Action No. 3:20CV770–HEH
                            )
SALLY YECKLEY, et al.,      )
                            )
    Defendants.             )

**MEMORANDUM OPINION**
**(Dismissing 42 U.S.C. § 1983 Action)**

Deandre Johnson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.   Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] This action was initially filed in the Richmond Circuit Court and was removed by Defendants to this Court. (*See* ECF No. 1–4.)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Procedural History and Allegations

On September 30, 2020, Kevin Hudson and Sally Yeckley ("Defendants") removed the action to this Court. On October 7, 2020, Defendants filed a Motion to Dismiss. (ECF No. 4.) Instead of filing a response, on October 21, 2020, Plaintiff filed a Motion to Amend/Supplement. (ECF No. 8.) By Memorandum Order entered on January 4, 2021, the Court explained to Johnson as follows:

> Litigants may not spackle new allegations or defendants onto the complaint. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981). When a plaintiff seeks leave to amend his complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Id.* at 170. Plaintiff has not submitted a copy of his proposed amended complaint. Accordingly, Plaintiff's Motion to Amend/Supplement (ECF No. 4) is DENIED WITHOUT PREJUDICE. Plaintiff may resubmit his proposed amended complaint in the proper manner. If Plaintiff wishes to file an amended complaint, he must do so within twenty (20) days of the date of entry hereof.
> A proposed amended complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim

3

> against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant, *meaning replace in its entirety*, his current Complaint (ECF No. 1–2) and all prior submissions in support. The amended complaint must stand or fall of its own accord and contain a prayer for relief.

(ECF No. 12, at 1–2.) On January 25, 2021, the Court received Plaintiff's Amended Complaint.[2] (ECF No. 13.) As the Court explained, the Amended Complaint supplants any prior complaint.

In his Amended Complaint, Johnson alleges that the Rappahannock Regional Jail ("RRJ") deprived him of various religious and constitutional rights when they refused to provide him with a King James version of the Bible, banned hardbound and used books, and refused to provide him with confiscated mail.

### III.  Analysis

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). As a preliminary matter, Hudson is named nowhere in the Amended Complaint. Accordingly, Hudson is dismissed as a party to the action.

Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be

---

[2] Plaintiff did not file a Motion to Amend. Nevertheless, it appears the Amended Complaint stands and falls of its own accord.

4

given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Yeckley is only named in the caption of the Amended Complaint. Accordingly, Johnson has failed to state a claim against Yeckley and any claims against her will be dismissed without prejudice.

Finally, although Johnson does not mention the RRJ in the caption, the RRJ is the only named Defendant in the body of the Amended Complaint.[3] However, the RRJ is not a person under § 1983, thus, they are not amenable to suit. Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining that the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Accordingly, any claim against the RRJ will be dismissed with prejudice.

## IV. Conclusion

Accordingly, Johnson's claims against Hudson and Yeckley will be dismissed without prejudice. The claims against the RRJ will be dismissed with prejudice. The Motion to Dismiss (ECF No. 4) will be denied as moot. The Motion to Withdraw as

---

[3] Johnson repeatedly states that RRJ was responsible for the offending policies.

5

Attorney (ECF No. 12) will be granted. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                                               /s/
                                         Henry E. Hudson

Date: Jan. 26, 2021            Senior United States District Judge
Richmond, Virginia